**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DARRYN CRAYTON,** | ) | **CASE NO. 4:04CV1888** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OPINION &** |
| **Respondent.** | ) | **ORDER** |

This matter is before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside,

or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. #1).  Also before the Court is the

Government's Response in Opposition to Petitioner's Motion (Dkt. #6) and Petitioner's Reply

Brief (erroneously captioned as "Movant's Motion and Affidavit in Responds [sic] to the

Governments' [sic] Opposition to Movant's §2255"), (Dkt. #6, 8).  For the reasons set forth

below, Petitioner's motion is **DENIED**.

## I.    FACTUAL BACKGROUND

A federal grand jury indicted Petitioner, Darryn Crayton, on October 16, 2002, for

committing a violation of 18 U.S.C. 922(g)(1).  Specifically, Count One of the Indictment

charged:

> On or about August 10, 2002, in the Northern District of Ohio, Eastern Division,
> DARRYN L. CRAYTON, having been previously convicted of crimes punishable by
> imprisonment for a term exceeding one year, that is, Possession of Cocaine, Case
> number CR344102 in the Cuyahoga County Court of Common Pleas, on or about
> January 8, 1997; Burglary, Case number CR339797 in the Cuyahoga County Court of

-1-

Common Pleas, on or about January 8, 1997; Burglary, Case number CR332641 in the Cuyahoga County Court of Common Pleas, on or about January 8, 1997; and Felonious Assault with specifications, Case   number CR217636 in the Cuyahoga County Court of Common Pleas, on or about June 12, 1987; did knowingly possess in and affecting interstate commerce a firearm, to-wit, a Glock, 9 mm pistol, serial number MZ739US, and ammunition; in violation of Title 18 Section 922(g)(1), United States Code.

(Case No. 1:02cr431 Dkt.#4).   On June 26, 2003, Petitioner, while represented by counsel, entered into a plea agreement with the Government whereby he agreed to enter a plea of guilty to the felon in possession charge.   The Court accepted the plea and on September 11, 2003, sentenced the Petitioner to, *inter alia*, 190 months imprisonment.

On September 17, 2004, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.   In said motion, Petitioner asserts (1) that defense counsel acted ineffectively by failing to investigate whether the two prior convictions were related and therefore should have been consolidated for sentencing; (2) that his counsel acted ineffectively by failing to raise a speedy trial issue; and (3)   that he was improperly sentenced as an Armed Career Criminal based on a state burglary conviction. (Dkt.#1). Petitioner further alleges denial of effective assistance of counsel in the underlying   state court proceedings.

## II.    STANDARD OF REVIEW

'To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such

a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

Additionally, "[s]entencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001). Rather, "sentencing challenges must be made on direct appeal or they are waived." Id. However, "challenges that cannot otherwise be reviewed for the first time on a § 2255 motion can be reviewed as part of a successful claim that counsel provided ineffective assistance under the standard set forth in Strickland v. Washington." Id. (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). As Petitioner alleges ineffective assistance of counsel in relation to each of the claims asserted in the present motion, this Court will review those claims to determine whether defense counsel effectively represented Petitioner.

## III.  ANALYSIS

*Related Cases/Consolidation*

Petitioner initially asserts that defense counsel failed to investigate his prior burglary convictions "which [were] consolidated for sentencing and should have been treated as one conviction" under Guidelines. (Dkt. #1). Application Note 3 to Section 4A1.2 of the Guidelines provides that related cases are those having prior sentences which: (1) occurred on the same occasion, (2) were part of a single common scheme or plan or, (3) were consolidated for trial or sentencing. U.S. SENTENCING GUIDELINES MANUAL, § 4A1.2, cmt. n. 3 (2004).

Petitioner argues that the prior two convictions were related in that they were consolidated for trial and sentencing in front of the same judge.  While this may be the case, Application Note 3 to § 4A1.2 states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest."  Here, the Petitioner's initial court appearance for the first burglary charge occurred on April 2, 1996, prior to the commission of and subsequent arrest for the second burglary on May 12, 1996.  (Dkt. #6 at 5).  It follows that the intervening arrest precludes a finding of related sentences under section 4A1.2.  In addition, each burglary was charged on a separate indictment having a separate case number.  Moreover, Petitioner was separately sentenced on each charge.  As such, Petitioner's two cases are not related under USSG § 4A1.2.  See Green v. United States, 65 F.3d 546 (6th Cir. 1995) (cases not related for sentencing purposes where separate dockets existed and the convictions did not share a common factual basis; even when before the same court and the same judge); see also United States v. McAdams, 25 F.3d 370 (6th Cir. 1994) (holding that two cases are not related if the two crimes do not share a close factual relationship, separate case numbers exist, and there are separate indictments). His initial argument, therefore, lacks merit and is denied.

*Speedy Trial*

Petitioner next alleges a violation of the Speedy Trial Act, contending that defense counsel failed to file a motion based on speedy trial violation.  (Dkt. #1).  Specifically, Petitioner asserts that the United States had 70 days from the initial filing of his indictment

within which to commence his trial.  The Speedy Trial Act provides, in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information and indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  "The purpose of the [70 day rule] is 'to quantify and make effective the Sixth Amendment right to a speedy trial.'" United States v. Moran, 998 F.2d 1368, 1370 (6th Cir. 1993).

Petitioner correctly states that the 70 day period commenced on October 16, 2002, the date the indictment was filed.  However, he does not take into account the tolling period prescribed in § 3161(h)(1)(F), which provides; in pertinent part:

> The following periods of delay shall be excluded in . . . computing the time within which the trial of any such offense must commence . . . any period of delay resulting from other proceedings concerning the defendant, including but not limited to . . .delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.

18 U.S.C. § 3161(h)(1)(F).  See also United States v. Crawford, 982 F.2d 199, 203 (6th Cir.1993) (noting that 18 U.S.C. § 3161(h)(1) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant," including those times when a defense motion is filed or under advisement).

Beginning with a November 14, 2002 motion for the preparation of a pre-plea pre-sentence report and ending with a May 23, 2003 motion to continue his trial date, Petitioner

-5-

and/or his counsel filed numerous pre-trial motions which effectively tolled the 70 day Speedy Trial Clock pursuant to § 3161(h)(1)(F).  (Dkt. #6 at 8-9).  After the Court granted Petitioner's November 14, 2002 motion and continued Petitioner's jury trial date until January 27, 2003, Petitioner filed a motion to continue the pretrial and trial on January 15, 2003. (Case No. 1:02cr431 Dkt. #13).  The Court granted the motion on January 17, 2003 and effectively continued the trial until February 18, 2003.  (Case No. 1:02cr431 Dkt. #14).

On January 29, 2003, Petitioner filed another motion to continue the trial and pretrial dates, which the Court granted pursuant to 18 U.S.C. § 3161.  (Case No. 1:02cr431 Dkt. #15,16).  On February 21, 2003,  Petitioner's attorney filed a motion to withdraw as counsel, a pre-trial motion which also stayed the 70 day period under § 3161(h)(1)(F).  (Case No. 1:02cr431 Dkt. #18).  Petitioner then filed a motion to continue the filing of the pretrial motions and the date of the pretrial conference on March 4, 2003, which again was granted by the Court.  (Case No. 1:02cr431 Dkt. #21,22).  The pretrial conference was rescheduled for May 21, 2003, and the trial date continued to June 6, 2003.  (Case No. 1:02cr431 Dkt. #22). On May 12, 2003, Petitioner's new counsel filed a motion to withdraw, another pretrial motion which stopped the Speedy Trial Clock.  (Case No. 1:02cr431 Dkt. #25).  Petitioner then filed a motion to continue on May 23, 2003, which the Court granted pursuant to § 3161(h)(1)(F).  (Case No. 1:02cr431 Dkt. #29).  Petitioner's pretrial was reset for June 26, 2003, and his trial date was moved to July 15, 2003.  (Case No. 1:02cr431 Dkt. #30).  Finally, on June 25, 2003, Petitioner entered into a written plea agreement with the Government. (Case No. 1:02cr431 Dkt. #34).

Consequently, the Speedy Trial Clock ran from October 16, 2002 until the Court's granting of Petitioner's motion for a pre-plea pre-sentence report on November 15, 2002; a total of 29 days.  From November 15, 2002 through June 25, 2003, as a result of Petitioner's subsequent motions, the Speedy Trial Clock was stayed pursuant to 18 U.S.C. § 3161. Accordingly,  Petitioner's speedy trial argument fails as a matter of law.

*Armed Career Criminal*

Petitioner claims he was wrongfully sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)[1], and United States Sentencing Guideline § 4B1.4.  He contends that "counsel had advised Defendant to plea to a charge that was not committed."  (Dkt. #1 at 1). Specifically, Petitioner asserts that "[t]here was not evidence of 'Burglary' as defined" because he entered the dwelling in question with permission. (Dkt. #1 at 2).  This is the first instance where Petitioner has raised this issue.

Petitioner's claim amounts to a collateral attack of prior state conviction.  Absent complete denial of the constitutional right to counsel, such attacks are not valid.  United States v. Trammel, 404 F.3d 397, 403 (6th Cir. 2005) (citing Custis v. United States, 511 U.S. 485 (1994) (a defendant in a federal sentencing proceeding has no right "to attack

---

[1]    Title 18 U.S.C. § 924 (e)(1) provides that "[i]n the case of a person who violates section 922(a) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ."  Furthermore, § 922 (e)(2)(B) instructs that "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(e)(2)(B) (2005).

collaterally prior convictions used for sentence enhancement beyond the right to have

appointed counsel"). Petitioner does not claim that the state court failed to appoint counsel.

Rather, he challenges the effectiveness of his counsel's representation. Such a claim does

not "rise[] to the level of a jurisdictional defect resulting from the failure to appoint counsel

at all." Custis, 511 U.S. at 496. Consequently, Petitioner cannot prevail on this claim.

*Ineffective Assistance of Counsel*

Petitioner raises three issues concerning ineffective assistance of counsel. First, as

described above, Petitioner argues that counsel did not properly investigate his prior

convictions. Secondly, Petitioner claims counsel violated his constitutional rights by failing

to raise a Speedy Trial violation. Finally, Petitioner contends he received ineffective

assistance of counsel at the state level resulting in a wrongful conviction making him

eligible for sentencing under the Armed Career Criminal Act.

In Strickland, the Supreme Court set out a two-part test to evaluate ineffective

assistance of counsel claims. In a successful claim, a criminal defendant must show (1) that

his counsel's representation fell below an objective standard of reasonableness; and (2) that

there is a reasonable probability that but for counsel's unprofessional errors, the result of

the proceeding would have been different. Id. at 688-94. In short, a petitioner must

demonstrate both deficient performance and prejudice. Id. at 686. A petitioner's burden in

the context of a guilty plea is the same, except that, to prove the second component, he must

demonstrate that he would have reached a different decision to plead. O'Hara v. Wigginton,

24 F.3d 823, 828 (6th Cir. 1994) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985).  In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill 474 U.S. at 59.

The Supreme Court has also held that a court's review of counsel's performance "must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689.  Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Darden v. Wainright, 477 U.S. 168, 185-86 (1985) (citations omitted).  Petitioner's first allegation is that his counsel failed to properly investigate Petitioner's prior convictions.  As discussed above, this Court finds that Petitioner's convictions were not "related" for sentencing purposes.  Furthermore, it was reasonable for Petitioner's attorney to rely on the presentence report's determination of criminal history.  (Dkt. #6) Petitioner's assertion of ineffective assistance of counsel on this issue is denied.

Petitioner also contends that his attorneys' failure to raise a speedy trial issue constituted ineffective assistance of counsel.  Petitioner points to the sentence in his plea agreement which states "[b]y this consent I do not admit any guilt or waive any rights" (Dkt. #8 at 1) as specifically speaking of his speedy trial rights, and that counsel at the time knew

of Petitioner's insistence on maintaining his right to a speedy trial.  Petitioner avers that

despite his wishes, each of Petitioner's attorneys filed various pre-trial motions, including a

three week continuance dated January 15, 2003, without Petitioner's knowledge.  (Dkt. #8 at

2).  As explained *supra*, the Speedy Trial Clock was effectively tolled and no speedy trial

violation existed for the attorney to raise.  As the Court has rejected Petitioner's assertions

that the Speedy Trial Act was violated, Petitioner's counsel cannot be deemed ineffective

for failing to object to behavior which this Court has determined to be proper.  Accordingly,

this claim regarding ineffective assistance of counsel must be rejected.

Finally, Petitioner alleges he received ineffective assistance of counsel during his

state burglary proceedings, which served to enhance Petitioner's sentence pursuant to the

Armed Career Criminal Act.  This claim is one that Petitioner should have raised in a 28

U.S.C. § 2254 motion.  Nevertheless, Petitioner's claim on this issue cannot be addressed

here, and therefore must be denied.

## IV.    EVIDENTIARY HEARING

Petitioner submits that an evidentiary hearing is required on the assertions contained

in his § 2255 motion.  As stated *supra*, section 2255 requires a district court to "grant a

prompt hearing" when such a motion is filed, and to "determine the issues and make findings

of fact and conclusions of law with respect thereto" unless "the motion and the files and the

records of the case conclusively show that the prisoner is entitled to no relief."  See Green,

445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

Petitioner is not entitled to an evidentiary hearing in the instant matter because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." <u>Green</u>, 445 F.2d at 848.  Accordingly, Petitioner's request for an evidentiary hearing is denied.

## IV.    CONCLUSION

For the reasons stated above, Petitioner has failed to prove defense counsel's performance fell below an objective standard of reasonableness.  Consequently, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.  Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);   Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - September 19, 2005**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**